# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9825 | **DATE** | 12/28/2012 |
| **CASE TITLE** | Andre Celestine (#2012-0628184) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $3.80 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. Tom Dart is dismissed as a Defendant and Plaintiff's claim pursuant to the Americans with Disabilities Act is dismissed with leave to amend.. The Clerk is directed to issue summonses for defendants Puisis and Moreci, and the U.S. Marshal service is directed to serve them. The Clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Cook County Sheriff Tom Dart, Director of Cermak Health Services Michael Puisis, and Assistant Director Morecis violated the plaintiff's constitutional rights by being deliberately indifferent to a serious medical condition. More specifically, Plaintiff alleges that he is wheelchair bound and was denied adequate accommodation for his disability. He alleges his cell lacked handrails near the toilet, and when he sought the assistance of a nurse to use the toilet, was refused. He was unable to keep up his personal hygiene because he could not maneuver his wheelchair under the sink, and the shower lacked handrails and has fallen attempting to transfer himself to a shower chair. Plaintiff alleges that he suffered these deprivations in spite of complaining to defendants Puisis and Moreci and the availability of other cells that had the accommodations he was seeking.

    The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $3.80. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act for deliberate indifference to a serious medical condition. While a more fully developed record may belie the plaintiff's claims, defendants Puisis and Moreci must respond to the allegations in the complaint.

However, the plaintiff has named Cook County Sheriff Tom Dart as a defendant, seemingly in his supervisory capacity. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The plaintiff has alleged no facts suggesting Dart's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id*. Consequently, the plaintiff has failed to allege any direct involvement by Tom Dart in the alleged constitutional deprivations underlying the complaint, and he is dismissed as a defendant.

Additionally, the plaintiff mentions the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (hereinafter, the "A.D.A.") and has factually stated a claim under the act, but has failed to state a proper defendant, in order to proceed. Title II of the A.D.A. prohibits a "public entity" from discriminating against a "qualified individual with a disability" because of the person's disability. 42 U.S.C. § 12131. The Seventh Circuit has held that the A.D.A. applies to prisons and it's protections extend to inmates. *See Crawford v. Indiana Department of Corrections*, 115 F.3d 481, 483-84 (1997). "Public entity" is defined in the statute as "either a state or local government or any department or other instrumentality of a state or local government." *Id*. at 483. Accordingly, if the plaintiff wishes to proceed on his A.D.A. claim, he must amend his complaint to name Cook County as a defendant.

The Clerk shall issue summonses for service of the complaint on defendants Puisis and Moreci (hereinafter, "the defendants"). The Clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.