IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE CELESTINE, | ) | |
| | ) | |
| Plaintiff, | ) | 12 CV 9825 |
| | ) | |
| v. | ) | Judge LEINENWEBER |
| | ) | |
| COOK COUNTY, Illinois, | ) | Magistrate Judge FINNEGAN |
| | ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT

Plaintiff, ANDRE CELESTINE, by and through his attorneys, Thomas P. Needham and Torreya L. Hamilton, makes the following complaint against Defendant COOK COUNTY, Illinois ("Defendant COUNTY"):

### JURISDICTION AND VENUE

1. This is an action brought pursuant to the Americans with Disabilities Act of 1990 (A.D.A.), 42 U.S.C. § 12132 and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a)(2).

2. Jurisdiction for this Court is conferred by those statutes and by 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within the district.

### PARTIES

4. Plaintiff is a 52 year old resident of the City of Chicago and is a United States citizen.

5. As of the date of the filing of this complaint, Plaintiff is an inmate at the Cook County Jail. He is charged with the offense of burglary.

6. Defendant COUNTY is a "public entity" as defined by the A.D.A. Defendant COUNTY is responsible for operating and maintaining the Cook County Jail.

### FACTS

7. Plaintiff was arrested in the City of Chicago on March 2, 2012.

8. On March 5, 2012, the Chicago Police Department transferred custody of Plaintiff to the Cook County Jail.

9. At the time Plaintiff was brought to the Cook County Jail, he was confined to a wheelchair.

10. Plaintiff is paralyzed on his left side as a result of a stroke that he suffered several years ago.

11. Plaintiff is also afflicted with epilepsy.

12. As a result of Plaintiff's disabilities and health problems, since the date of his arrest he has been assigned to the Cook County Jail's medical unit, also known as Cermak Hospital.

13. For several months after he was taken to the Cook County Jail, Plaintiff was housed in a room at Cermak Hospital (Room 3221), which was not equipped for someone confined to a wheelchair.

14. Specifically, the toilet that Plaintiff had to use did not have any handrails that would permit Plaintiff to transfer himself onto it.

15. The sink in Plaintiff's room could not be used by someone in a wheelchair because of a cement wall that was built next to the sink.

16. The shower on the unit of Cermak Hospital where Plaintiff was confined did not have handrails that would enable a person confined to a wheelchair to transfer himself to a shower chair.

17. Plaintiff's bed did not have any railings, making it very difficult for Plaintiff to get in and out of it.

18. Plaintiff complained about the lack of adequate facilities for wheelchair-bound inmates at the Cook County Jail, and he filed several grievances about the conditions in Cermak Hospital. He exhausted the administrative remedies available to him before filing this cause of action.

19. As a result of the lack of appropriate facilities at Cermak Hospital, Plaintiff has suffered damages during his incarceration. He has fallen on several occasions while trying to transfer himself from

his wheelchair to his bed, to the toilet, and into a shower chair. Plaintiff has been unable to take care of his basic hygiene, and on occasion sat for hours in his own urine and/or excrement.

20. The lack of adequate accommodations for him at Cermak Hospital has also caused Plaintiff great anguish, emotional stress, and embarrassment.

## COUNT I
(Americans With Disabilities Act Claim)

21. The A.D.A. applies to the Cook County Jail.

22. Plaintiff is a qualified individual with a disability, under the A.D.A., as a result of his paralysis and epilepsy.

23. Defendant COUNTY has discriminated against Plaintiff because of his disability, by not providing him with accommodations necessary for a person confined to a wheelchair.

24. Plaintiff has been harmed as a result of the discrimination against him by Defendant COUNTY.

**WHEREFORE**, Plaintiff prays for judgment against Defendant COUNTY in a fair and just amount sufficient to compensate Plaintiff for the damages he has suffered, as well as costs and attorneys' fees pursuant to 42 U.S.C. § 12205, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

ANDRE CELESTINE, Plaintiff

By: s/ Thomas P. Needham
    One of Plaintiff's Attorneys

LAW OFFICE OF THOMAS P. NEEDHAM
53 W. Jackson Blvd., Suite 452
Chicago, IL 60604
312.726.3171
tpn@needhamlaw.com
Attorney No. 6188722